### John L. Byrne vs. F. P. Stubbs.

This suit is against the surety on a release bond given in a sequestration suit, and the exception is filed that the surety has not been put in default because the sheriff did not demand the property of him, and it is admitted that the sheriff only called on the principal on the bond to produce or point out the property. Judge Gunby holds: "Ever since the publication of the decision in Welsh vs. Barrow, 9 R. 538, it has been well settled, that before plaintiff can bring suit against the surety on his debtor's release bond, where property has been sequestered, he must allege and show the following facts:

1st.   That execution has been issued against the debtor.

2d.   That the Sheriff has called on the defendant in execution with the *fi. fa.* and demanded that defendant pay it, or deliver the property sequesterered, or point out property to satisfy the writ, and that defendant failed to comply with any of these demands.

3d.   That the sheriff with the *fi. fa.* then called upon the surety, informed him of the previous demand on his principal, and demanded that the surety pay the debt, or point out the property released, or other property belonging to defendant, to satisfy the writ, and that the surety failed to comply with these demands.

4th.   That the sheriff has made diligent search and inquiry for the property released, or other property of defendant, and has returned the writ *nulla bona.*"

" These steps are not requisite when the principal is dead, or insolvent, or when from any other cause the issuance of an execution would be illegal or useless."

" The principal and surety are solidary obligors with precisely the same obligation, and there is the same reason and necessity for putting the surety in default as for putting the principal in default.   C. C. 2126."

Judge Mayo holds : "Under the definition of the surety's obligation in C. P. 280, I cannot concur in the opinion that a demand should be made on him to produce the bonded property before proceeding against him, or that such is a proper construction of 9 R. 538.   The demand on the principal alone is sufficient."

Judgment appealed from affirmed by disagreement.